UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LACEY PEACOCK, on behalf of himself
And all others similarly situated,

        Plaintiffs,

v.

        Case No.:

NCC BUSINESS SERVICES, INC., and
BENTLEY GREEN APARTMENTS
INVESTORS LLC,

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendant NCC BUSINESS SERVICES, INC. ("NCC"), hereby gives notice, pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1441 and 1446, that the case entitled *Lacey Peacock, on behalf of himself and all others similarly situated v. NCC Business Services, Inc., and Bentley Green Apartments Investors LLC* Case No. 2019-CA-1107, is being removed from the Circuit Court, Civil Division Division, in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division.  In support of this Notice, Defendant NCC states:

    1.    On or about February 11, 2019, Plaintiff, LACEY PEACOCK, filed this action against Defendants in the Circuit Court, Civil Division, in and for Duval County, Florida under the caption of *Lacey Peacock, on behalf of himself and all others similarly situated v. NCC Business Services, Inc., and Bentley Green Apartments Investors LLC,* Case No. 2019-CA-1107. Upon information and belief, Plaintiff served Defendant NCC with the initial Complaint on February 14, 2019. A copy of the state court Complaint and Demand for Jury Trial *(Complaint)*

is attached hereto as Exhibit A, and a copy of the remaining court file is attached hereto as Exhibits C, D and E.

2. The Complaint consists of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692e(10) ("FDCPA").

3. 28 U.S.C. §1441(b) provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. This action is a civil action and is one over which this Court has original subject matter jurisdiction under 28 U.S.C. §1331, and is an action that can be removed to this District Court pursuant to 28 U.S.C. §1441, as a result of Plaintiff alleging violations of the FDCPA.

5. In the Complaint, Plaintiff alleges that NCC was acting as a debt collector in attempting to collect a debt from Plaintiff.

9. Plaintiff claims NCC violated §§ 1692e and 1692g of the FDCPA in its attempted collection of amount owed by Plaintiff. Plaintiff seeks recovery of actual damages and statutory damages pursuant to 15 U.S.C. § 1692(a)(2)(B), prejudgment interest, and costs and reasonable attorney's fees under the FDCPA. Plaintiff also alleges violations of Fla. Stat. § 559.72 of the Florida Consumer Collection Practices Act ("FCCPA").

10. The Plaintiff's complaint invokes federal question jurisdiction because the allegations involve claims under the FDCPA, 15 U.S.C. §1692 *et seq*.

11. This Court has and should exercise supplemental jurisdiction over Plaintiff's state law claims under the FCCPA by virtue of the Court's original jurisdiction over Plaintiff's FDCPA claims. 28 U.S.C. § 1367(a).

12. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because they arise from the same core of (alleged) operative facts and involve substantially similar questions of law as Plaintiff's FDCPA claims. 28 U.S.C. § 1367(a). Indeed, all claims asserted in Plaintiff's Complaint arise from Defendants' alleged debt collection activity and center on the same conduct alleged to have been made by NCC and Bentley Green Apartments Investors LLC. They, therefore, form part of the same case or controversy. Moreover, Plaintiff's FCCPA claims do not involve novel or complex issues of Florida law or substantially predominate over the federal claims, and there are no other "compelling" reasons for declining supplemental jurisdiction in this case. *See* 28 U.S.C. §§ 1367(a); (c).

13. Promptly after the filing of this notice of removal, Defendant will file a copy of same with the clerk of the County Court of Duval County, Florida and a notice of filing notice of removal, as required by 28 U.S.C. § 1446. Written notice of the filing of this notice of removal is also being served upon counsel for the Plaintiff.

14. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter.

16. The undersigned certifies that the Defendants, NCC BUSINESS SERVICES, INC. and BENTLEY GREEN APARTMENTS INVESTORS LLC, have consented to the removal of this action from the Fourth Judicial Circuit Court of Duval County, Florida to the United States District Court, Middle District, Jacksonville Division. Written consent by Bentley Green Apartments Investors LLC to the removal of this case is attached hereto as Exhibit B.


17. The undersigned counsel is authorized by NCC BUSINESS SERVICES, INC. to file this Notice of Removal, is licensed in the State of Florida, and is a member in good standing of the Bar of this Court.

WHEREFORE, Defendant, NCC BUSINESS SERVICES, INC., respectfully requests that this case proceed in this Court as an action properly removed to it.

*/s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant NCC BUSINESS SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, the foregoing was served *via electronic mail* upon counsel listed below:

Justin Seth Drach, Esquire
2120 Corporate Square Boulevard, Suite 17
Jacksonville, Florida 32216
justindrach@drachlaw.com

Paul L. Hammond
LITCHFIELD CAVO LLP
5201 W. Kennedy Boulevard, Suite 450
Tampa, Florida 33609
hammond@litchfieldcavo.com

*/s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant NCC BUSINESS SERVICES, INC.

**Fernandez, Barbara**

| | |
|---|---|
| **From:** | Hammond, Paul <hammond@litchfieldcavo.com> |
| **Sent:** | Thursday, March 07, 2019 5:02 PM |
| **To:** | David Shaver |
| **Cc:** | Jeffrey Turner |
| **Subject:** | RE: Lacey Peacock Lawsuit |

David,

Upon further discussions with my client, she has granted me the authority to advise you Bentley Green affirmatively consents to your removal request. So fire away with same.

Regards,

**Paul L. Hammond**
**LITCHFIELD CAVO LLP**
5201 W. Kennedy Boulevard
Suite 450
Tampa, Florida 33609
813-579-9788 x243 (Direct)
813-289-0690 (Main)
813-289-0692 (Fax)
hammond@litchfieldcavo.com
www.litchfieldcavo.com