Filing # 84758044 E-Filed 02/11/2019 10:13:43 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

LACEY PEACOCK, on behalf of himself
and all others similarly situated,

                 Plaintiffs,

v.

NCC BUSINESS SERVICES, INC., and
BENTLEY GREEN APARTMENTS
INVESTORS LLC,

                 Defendants.

_____/

CASE NO.: 2019-CA-1107
CIVIL DIVISION   CV-B

**CLASS REPRESENTATION
JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

        COMES NOW, Plaintiff, LACEY PEACOCK (hereinafter "Plaintiff") on behalf of

himself and all others similarly situated, by and through his undersigned counsel, and sues

Defendant, NCC BUSINESS SERVICES, INC. (hereinafter "NCC"), and Defendant,

BENTLEY GREEN APARTMENTS INVESTORS LLC (hereinafter "BENTLEY") and in

support thereof would allege:

        1.     This Court has jurisdiction over this matter because the amount in controversy

exceeds $15,000.00, exclusive of interest, costs, and attorney's fees.

### JURISDICTION AND VENUE

        2.     This court has subject matter jurisdiction over this action pursuant to Florida

Statutes § 559.77(1) and 15 U.S.C. § 1692k(d).

        3.     Venue is proper because the events and transactions underlying the basis for

this action occurred in Duval County, Florida.

## PARTIES

4.      Plaintiff is a natural person and resident of Duval County, Florida.

5.      NCC is a Florida Profit Corporation doing business in Duval County, Florida, and whose principal address is 9428 Baymeadows Road, Suite 200, Jacksonville, FL 32256.

6.      NCC may be served through its registered agent REGISTERED AGENT SOLUTIONS, INC., 155 OFFICE PLAZA DR., SUITE A, TALLAHASSEE, FL 32301.

7.      BENTLEY is a Delaware Limited Liability Company doing business in Duval County, Florida, and whose principal address is 5429 LBJ Freeway, Suite 800, Dallas, TX 75240.

8.      According to the Florida Department of State, Division of Corporations website[1], BENTLEY GREEN APARTMENTS INVESTORS LLC is registered to use the fictitious name "Bentley Green Apartments".

9.      BENTLEY may be served through its registered agent C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

## GENERAL ALLEGATIONS

10.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, *et seq.*, (hereinafter the "FCCPA").

11.      The alleged debt is $2,444.34 under an Apartment Lease Contract for Apartment 1508, 9536 Princeton Square Blvd. S., Jacksonville, FL 32256, and which was asserted by NCC to be owed to "Bentley Green/Milestone" (hereinafter the "Debt").

---

[1] Florida Department of State, Division of Corporations,
http://dos.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G14000106174&rdocnum=G14000106174 (last visited Jan. 22, 2019).

12.     Under the FCCPA, a "debtor" or "consumer" is defined as "any natural person obligated or *allegedly* obligated to pay any debt." Florida Statutes § 559.55(8) (emphasis added).

13.     Under the FDCPA, a "consumer" is defined as "any natural person obligated or *allegedly* obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

14.     Plaintiff is a "debtor" or "consumer" as defined in the FCCPA. Florida Statutes § 559.55(8).

15.     Plaintiff is a "consumer" as defined in the FDCPA. 15 U.S.C. § 1692a(3).

16.     NCC is a "debt collector" as defined in the FCCPA.  Florida Statutes § 559.55(7).

17.     BENTLEY is a "debt collector" as defined in the FCCPA.  Florida Statutes § 559.55(7).

18.     NCC is a "debt collector" as defined in the FDCPA.  15 U.S.C. § 1692a(6).

19.     The alleged Debt which NCC and BENTLEY have attempted to collect from Plaintiff is a "debt" or "consumer debt" as defined in the FCCPA, and originated in Duval County, Florida.  Florida Statutes § 559.55(6).

20.     The alleged Debt which NCC and BENTLEY have attempted to collect from Plaintiff is a "debt" or "consumer debt" as defined in the FDCPA, and originated in Duval County, Florida.  15 U.S.C. § 1692a(5).

21.     Plaintiff and NCC first discussed the Debt over the telephone on or about December 4, 2018. (hereinafter the "Call 1").

3

22.     On December 19, 2018, Plaintiff's attorneys, Justin Seth Drach, P.A., (hereinafter the "Firm") disputed the Debt when they sent a request for verification of the Debt pursuant to the FDCPA to NCC. (Exhibit A).

23.     Exhibit A asked NCC to "Please provide to us all correspondence that you have sent our client."

24.     On January 2, 2019, NCC sent Exhibit B to the Firm.

25.     Exhibit B is the only written communication that NCC has ever sent to Plaintiff or the Firm.

26.     According to the Duval County Property Appraiser website[2], 9536 Princeton Square Blvd. S., Jacksonville, FL 32256 is owned by BENTLEY. (Exhibit C).

27.     The Fictious Names Act, Florida Statutes § 865.09, *et seq.*, (hereinafter the "FNA") makes it unlawful to conduct business under a fictitious name until the name has been properly registered under Florida's Fictitious Name Act. The purpose of registration is to allow the public to know who is really operating under the fictitious name.

28.     BENTLEY is a "business" as defined by Florida Statutes § 865.09(1)(a).

29.     Pursuant to the FNA, Florida Statutes § 865.09(9):

(a)   If a business fails to comply with this section, neither the business nor the person or persons engaging in the business may maintain any action, suit, or proceeding in any court of this state with respect to or on behalf of such business until this section is complied with. An action, suit, or proceeding may not be maintained in any court of this state by any successor or assignee of such business on any right, claim, or demand arising out of the transaction of business by such business in this state until this section has been complied with.

---

[2] Duval County Property Appraiser, https://paopropertysearch.coj.net/Basic/Detail.aspx?RE=1526830510 (last visited Jan. 22, 2019).

(b)   The failure of a business to comply with this section does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state. However, a party aggrieved by a noncomplying business may be awarded reasonable attorney fees and court costs necessitated by the noncomplying business.

30.     By engaging in business under the unregistered fictitious name "Bentley Green", BENTLEY is in violation of the FNA, Florida Statutes § 865.09(3)(a).

31.     As a result of the Defendants' unlawful conduct pertaining to the Debt as described herein, Plaintiff has suffered statutory damages and actual damages, including but not limited to the following: monetary damages, the continued suffering of emotional damages and anxiety due to helplessness, and lost time.

32.     15 U.S.C. § 1692k(a) imposes civil liability on "any debt collector who fails to comply with any provision" of the FDCPA.

33.     BENTLEY is liable for the acts of its agent NCC.

34.     BENTLEY is liable for the acts of its agent Milestone Management, LP.

35.     All conditions precedent to this action have occurred or have been waived.

36.     Plaintiff has retained the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

## CLASS REPRESENTATION ALLEGATIONS

37.     Pursuant to Florida Rule of Civil Procedure 1.220(a), (b) (2) and (b) (3), Plaintiff brings this action on behalf of themselves and all others similarly situated.

38.     The Class(es) are defined as:

**Bentley Green Class (Count VI and VII):**  All persons in the State of Florida against whom NCC attempted to collect a debt on behalf of BENTLEY, where a creditor name other than "Bentley Green Apartments

5

Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA was asserted, within the applicable limitations period prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

**FNA Class (Count VI):** All persons in the State of Florida against whom NCC attempted to collect a debt using a creditor name other than that of a legal entity or fictitious name registered pursuant to the FNA, within the applicable limitations period prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

39.    The statute of limitations for the FDCPA claims in Count VI is 1 year pursuant to 15 U.S.C. § 1692k(d).

40.    The statute of limitations for the FCCPA claims in Count VII is 2 years pursuant to Fla. Stat. § 559.77(4).

41.    Plaintiff is unable to state the exact number of class members because that information is solely in the possession of Defendants.  However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records.  Upon information and belief, the putative Classes are made up of hundreds of Florida tenants and consumers. On information and belief, Plaintiff estimates that the classes will consist of hundreds of individuals. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

42.    Questions of law and fact common to the Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a)    Whether Defendants BENTLEY and NCC violated the FCCPA by attempting to collect debts on behalf of BENTLEY, asserting the identity of the creditor to be other than "Bentley Green Apartments Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA;

6

(b)      Whether Defendant NCC violated the FDCPA by attempting to collect debts on behalf of BENTLEY, asserting the identity of the creditor to be other than "Bentley Green Apartments Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA;

(c)      Whether Defendant NCC violated the FCCPA by attempting to collect debts on behalf of creditors, asserting the identity of the creditor to be other than the legal entity name or a fictitious name authorized pursuant to the FNA;

(d)      Whether Defendant NCC violated the FDCPA by attempting to collect debts on behalf of creditors, asserting the identity of the creditor to be other than the legal entity name or a fictitious name authorized pursuant to the FNA;

43.      The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Classes because, upon information and belief, Defendant NCC routinely collects consumer debts on behalf of BENTLEY and other creditors while failing to identify the creditor by using the legal name of the entity or a registered fictious name.

44.      Accordingly, the claims of the Plaintiff and of the Classes originate from the same standardized conduct, practice, and procedure, on the part of Defendants.

45.      Plaintiff possess the same interests and has suffered the same injuries as each Class member because the use of a creditor name other than the legal entity name or a registered fictitious name results in uniform damages.  There are no individual facts which distinguish the Plaintiff from other Class members that were subjected to Defendants' illegal conduct.

7

46.     The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes because he has no interest antagonistic to the Class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members.   There is nothing peculiar about the Plaintiff's situation that would make him inadequate as the class representative.

47.     The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Classes because Defendants' conduct was perpetrated on all members of the Classes and will be established by common proof. Moreover, Plaintiff has retained counsel competent and experienced in actions brought under consumer protection laws.

48.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest compared to the expense and burden of individual litigation.  It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each FCCPA and FDCPA violation are capped at $1,000.00 or 1% of the defendants' net worth.   It would be difficult, if not impossible, to obtain counsel to represent each Class member on an individual basis for such small claims.  More importantly, the vast majority of Class members are not aware that using a name other than the creditor's legal name or a registered fictitious name violates the FCCPA and FDCPA.   There will be no difficulty in the management of this litigation as a

8

class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

49.     For purposes of the claims brought in this action, the applicable standard is the "least sophisticated" consumer test.  *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

<u>**COUNT I – VIOLATION OF FCCPA, F.S § 559.72(9)**</u>
<u>**NCC BUSINESS SERVICES, INC.**</u>
<u>**On behalf of Plaintiff**</u>

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

50.     The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

51.     NCC has violated the FCCPA, Florida Statute § 559.72(9) by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

<u>**COUNT II – VIOLATION OF FDCPA, 15 U.S.C. § 1692e**</u>
<u>**NCC BUSINESS SERVICES, INC.**</u>
<u>**On behalf of Plaintiff**</u>

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

9

52.     The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53.     NCC violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation to collect the Debt, by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

### COUNT III – VIOLATION OF FDCPA, 15 U.S.C. § 1692g(a)
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

54.     The FDCPA at 15 U.S.C. § 1692g(a) requires as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10

55.     NCC violated the FDCPA by failing to send a communication that complied with 15 U.S.C. § 1692g(a). *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1273 (11th Cir. 2016) ("Only by applying § 1692g to attorney communications can we ensure that consumers receive both legal representation and the full protections intended by Congress.")

56.     Exhibit B does not comply with 15 U.S.C. § 1692g(a).

### COUNT IV – VIOLATION OF FDCPA, 15 U.S.C. § 1692e
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

57.     The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

58.     NCC violated 15 U.S.C. § 1692e by failing to provide meaningful disclosure of the identity of the alleged creditor during Call 1 or when it sent the Firm Exhibit C.

### COUNT V– VIOLATION OF FCCPA, F.S § 559.72(9)
### BENTLEY GREEN APARTMENTS INVESTORS, LLC
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

59.     The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

11

60.   NCC has violated the FCCPA, Florida Statute § 559.72(9) by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

61.   BENTLEY is liable for the acts of its agent NCC.

### COUNT VI – VIOLATION OF FDCPA, 15 U.S.C. § 1692e
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff, Bentley Green Class, and FNA Class

Plaintiff realleges those allegations contained within paragraphs 1-49 above and incorporates them herein by this reference.

62.   The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

63.   NCC violated 15 U.S.C. § 1692e during Call 1 and when it sent the Firm Exhibit C by representing that the creditor is Bentley Green/Milestone when it knows the true identity of BENTLEY.

64.   NCC violated 15 U.S.C. § 1692e by using a creditor name other than that of the legal entity or a registered fictitious name to collect the Debt, the debts of the Bentley Green Class, and the debts of the FNA Class.

### COUNT VII – VIOLATION OF FCCPA, F.S § 559.72(9)
### BENTLEY GREEN APARTMENTS INVESTORS, LLC
### On behalf of Plaintiff and Bentley Green Class

Plaintiff realleges those allegations contained within paragraphs 1-49 above and incorporates them herein by this reference.

65.   The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

12

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

66.     BENTLEY violated Fla. Stat. § 559.72(9) by using a false, deceptive, and misleading representations to collect the Debt, to wit, by using the unregistered fictitious name "Bentley Green" during the formation of lease agreements that result in debts, during the collections of the Debt, and during the collection of Bentley Green Class debts.

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

(a)     an order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

(b)     award Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

(c)     award Plaintiff additional statutory damages of $1,000 for violation of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

(d)     award Bentley Class and FNA Class members an aggregate award of statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth pursuant to Fla. Stat. § 559.77(2);

(e)     award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 559.77(2);

(f)     award Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(g)     award Plaintiff additional statutory damages of $1,000 per FDCPA violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

13

Lacey Peacock vs. NCC Business Services, Inc., et al.

(h)    award FNA Class members the lesser of $500,000 or 1 per centum of the net worth of Defendant NCC pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(i)    award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(j)    prejudgment interest; and

(k)    all other relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 11, 2019.

Respectfully submitted by:

**THOELE|DRACH**

BY: _____

**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justindrach@drachlaw.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amandathoele@drachlaw.com
JUSTIN SETH DRACH, P.A.
2120 Corporate Square Blvd.
Suite 17
Jacksonville, FL 32224
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiff and all others similarly situated*

14

# THOELE DRACH

### ATTORNEYS AND COUNSELORS AT LAW

JUSTIN SETH DRACH, JD, MBA[1]
justindrach@drachlaw.com

AMANDA MARIE THOELE, JD[1]
amandathoele@drachlaw.com

―――――――

[1] Admitted in FL.

JUSTIN SETH DRACH, P.A.
2120 Corporate Square Boulevard, Suite 17
Jacksonville, Florida 32216

―――――――
(904) 600-4384
(904) 306-1355 (facsimile)

December 19, 2018

NCC Business Services, Inc.
9428 Baymeadows Road, Suite 200
Jacksonville, FL 32256

Tel: (888) 880-6020
Fax: (904) 733-2777

Via U.S. Mail and facsimile

RE: Representation of Lacey Peacock

NCC Business Services, Inc.:

   Please be advised that our firm has been retained by Lacey Peacock concerning any accounts that have been placed for collection with you for any alleged debts arising from an apartment at Bentley Green Apartments, 8214 Princeton Square Blvd E, Jacksonville, FL 32256.
   Pursuant to the Fair Debt Collection Practices Act, my client disputes the alleged debt, requests verification of the alleged debt through the production of account statements, the assignment documents, and the lease agreement, and hereby advises that the tradeline must be removed from their credit report.  Please provide to us all correspondence that you have sent our client.

Best Regards,

Justin Seth Drach, Esquire

EXHIBIT

A

# NCC Business Services, Inc.

9428 Baymeadows Road
Suite 200
Jacksonville, FL 32256

Please visit our website at www.NccPay1.com

If you have questions, please call 888-880-6020

1/2/2019

Justin Drach
2120 CORPORATE SQUARE BLVD
SUITE 17
JACKSONVILLE, FL 32216

**RE:**   BENTLEY GREEN/MILESTONE

Current balance: $2,444.34

**NCC Reference # 3811116**

Dear Justin Drach,

Please find the enclosed detailed information to substantiate the debt that the above mentioned client has placed in our office for collections.

If you have additional questions, please feel free to contact our office toll free at 888-880-6020.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,


NCC Business Services, Inc.

EXHIBIT

B

exhibitsticker.com

## Move-out Statement

Lacy Peacock

153 West 7t Street
Jacksonville, FL 32206

| | |
|---|---|
| Resident Code: | t0177291 |
| Property: | Bentley Green(4314) |
| Unit: | 31508 |
| Move In Date: | 01/24/15 |
| Move Out Date: | 02/02/16 |
| Tel Num(Office) | (229)456-0298 |
| Tel Num(Home) | (229)456-0298 |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward 02/01/2016 | | | 1,649.14 |
| 02/01/16 | Bill Processing Fee | 3.40 | | 1,652.54 |
| 02/01/16 | Pest Control Fee 01/01/16-01/31/16 | 1.50 | | 1,654.04 |
| 02/01/16 | Trash 01/01/16-01/31/16 | 10.20 | | 1,664.24 |
| 02/01/16 | Water/Sewer 11/15/15-12/15/15 | 50.46 | | 1,714.70 |
| 02/01/16 | Rent (02/2016) 24 days | 680.28 | | 2,394.98 |
| 02/01/16 | :Prog Gen Reverse for chg# 20511218  Charged In Error | -75.00 | | 2,319.98 |
| 02/01/16 | :Prog Gen Reverse for chg# 20511219  Charged In Error | -50.00 | | 2,269.98 |
| 02/02/16 | :Security Deposit credit | -100.00 | | 2,169.98 |
| 02/02/16 | Rent (02/2016) Credit 22 days | -623.59 | | 1,546.39 |
| 02/02/16 | Final Pest Control 2/1/16- 2/2/16 | 0.10 | | 1,546.49 |
| 02/02/16 | Final Trash 2/1/16- 2/2/16 | 0.67 | | 1,547.16 |
| 02/02/16 | No Attempt To Clean | 25.00 | | 1,572.16 |
| 02/02/16 | Trash Removal (3 Bags) | 30.00 | | 1,602.16 |
| 02/02/16 | Furniture Removal (Headboard) | 10.00 | | 1,612.16 |
| 02/02/16 | Rent Responsible until 2/23/16 To Fulfill Lease Agreement | 623.59 | | 2,235.75 |
| 02/02/16 | Final Service Fee | 3.40 | | 2,239.15 |
| 02/02/16 | Final Water/Sewer 12/16/15- 2/2/16 | 80.19 | | 2,319.34 |
| 02/04/16 | Late Charges | 75.00 | | 2,394.34 |
| 02/09/16 | Late Charges, 5 days @ $10.00/day | 50.00 | | 2,444.34 |





NATIONAL
APARTMENT
ASSOCIATION

**Apartment Lease Contract**

Date of Lease Contract: _____ **January 23, 2015** _____
(when the Lease Contract is filled out)

*This is a binding document. Read carefully before signing.*

Moving In — General Information

1. **PARTIES.** This Lease Contract (sometimes referred to as the "lease") is between you, the resident(s) (*list all people signing the Lease Contract*):
**Lacy Peacock, Jodi Swanson**

_____ **Bentley Green** _____ and us, the owner:

(*name of apartment community or title holder*). You've agreed to rent Apartment No. _____ **1508** _____, at **9536 Princeton Sq**
**Blvd S** _____ (*street address*)
in _____ **Jacksonville** _____, (*city*)
Florida, _____ **32256** _____ (*zip code*) for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

The ☐ Owner or ☒ Manager of these apartments is **Milestone**
**Management, LP** _____

whose address is **8214 Princeton Square Blvd E**
**Jacksonville, FL 32256** _____. Such person or company is authorized to receive notices and demands in the landlord's behalf.

A lease termination notice must be given in writing. Notice to the landlord must be delivered to the management office at the apartment community or any other address designated by management as follows: **8214**
**Princeton Square Blvd E Jacksonville, FL**
**32256** _____
Notice to the tenant must be delivered to the Resident's address as shown above.

2. **OCCUPANTS.** The apartment will be occupied only by you and (*list all other occupants not signing the Lease Contract*):
_____ **None** _____

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than _____ **14** _____ consecutive days without our prior written consent, and no more than twice that many days in any one month. *If the previous space isn't filled in, two days per month is the limit.*

3. **LEASE TERM AND TERMINATION NOTICE REQUIREMENTS.** The initial term of the Lease Contract begins on the _____ **24th** _____ day of _____ **January** _____, _____ **2015** _____, and ends at midnight the _____ **23rd** _____ day of _____ **February** _____, _____ **2016** _____. This Lease Contract will automatically renew month-to-month unless either party gives at least _____ **30** _____ days' written notice of termination or intent to move-out as required by this paragraph and paragraph 37. If the number of days isn't filled in, at least 30 days' notice is required. In the event you fail to provide us with the required number of days' written notice of termination and intent to vacate coinciding with the lease expiration date, as required by this paragraph and paragraph 37, you acknowledge and agree that you shall be liable to us for liquidated damages in the sum of $ _____ **822.00** _____ (equal to one month's rent) in accordance with Fla. Stat. §83.575(2). This liquidated damages amount is exclusive to insufficient notice under this paragraph and paragraph 37, and does not limit collection rights with regard to other amounts potentially owed to us. If the lease term is not a month-to-month tenancy, we must notify you with written notice no later than _____ **30** _____ days before the end of the lease term if the lease will not be renewed

**Month-to-Month Tenancies:** In the event this Lease Contract renews on a month-to-month basis, you must pay the amount of rent we charge at the time the month-to-month tenancy commences pursuant to this paragraph and paragraph 15, inclusive of any applicable month-to-month fees and/or premiums. We may change your rent at any time thereafter during a month-to-month tenancy by giving you no less than 30 days' written notice. You will be required to abide by all notice requirements set forth in the lease and remain liable to pay all other applicable charges due under the lease during your month-to-month tenancy unless specifically changed in writing. All sums due under this paragraph shall be additional rent. We may require you to sign an addendum written for month-to-month tenants. Either party may terminate a month-to-month tenancy by giving the other party written notice no later than 15 days' prior to the end of the monthly rental period. If you fail to provide us at least 15 days' written notice to terminate a month-to-month tenancy prior to the end of the monthly rental period, you shall be liable to us for an additional 1 month's rent.

4. **SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ _____ **100.00** _____, due on or before the date this Lease Contract is signed.

Any security deposit or advance rent you paid is being held in one of the following three ways as indicated below [landlord check one option]:

☒ 1. In a separate NON-INTEREST bearing account for your benefit in the following bank: **Bank of America** _____
whose address is **9000 Southside Blvd. Bldg**
**200 Jacksonville, FL. 32256** _____; OR

☐ 2. In a separate INTEREST bearing account for your benefit in the following bank: _____
whose address is _____

If an interest bearing account, you will be entitled to receive and collect interest in an amount of at least 75 percent of the annualized average interest rate payable on such account or interest at the rate of 5 percent per year, simple interest, whichever the landlord elects.

☐ 3. In a commingled account at the following bank _____
whose address is _____
provided that the landlord posts a surety bond with the county or state, as required by law, and pays you interest on your security deposit or advance rent at the rate of 5 percent per year simple interest.

_____ Initials of Resident. Resident acknowledges receiving a copy of F.S. 83.49(2)(d) which provides as follows:

YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE WHEN YOU MOVE OUT. YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.

IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.

YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.

THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

5. **KEYS AND FURNITURE.** You will be provided _____ **2** _____ apartment key(s), _____ **1** _____ mailbox key(s), and _____ other access devices for _____. Your apartment will be [check one]:
☐ furnished or ☒ unfurnished. See paragraph 9, Locks and Latches.

6. **RENT AND CHARGES.** Unless modified by addenda you will pay $ _____ **822.00** _____ per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☒ at our online payment site, or
☒ at **www.yourresidentlounge.com** _____.

Prorated rent of $ _____ **212.13** _____ is due for the remainder of [check one]:
☒ 1st month or ☐ 2nd month, on _____, _____.

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. If you don't pay all rent on or before the _____ **3rd** _____ day of the month, you'll pay an initial late charge of $ _____ **75.00** _____ plus a late charge of $ _____ **10.00** _____ per day after that date until paid in full. Daily late charges will not exceed

**01232015365201FL01042415**

Lacy Peacock, Jodi Swanson
© 2014, National Apartment Association, Inc. - 9/2014, Florida

Page 1 of 7

☑ This document was executed via the NAA E-signature System - ID: 67839096

You'll be liable to us for any charges for replacing all keys and access devices referenced in paragraph 5 if you fail to return them on or before your actual move-out date.

**42. DEPOSIT RETURN, SURRENDER, AND ABANDONMENT.** We will mail you your security deposit refund within fifteen (15) days after surrender or abandonment if we do not intend to impose a claim on the security deposit. If we do intend to impose a claim on the security deposit we shall give you thirty (30) days written notice by certified mail to your last known mailing address stating the reason for imposing the claim.

You have surrendered the apartment when all apartment keys and access devices listed in paragraph 5 have been turned in where rent is paid.

An apartment is also considered "abandoned" if you are absent from the apartment or premises for at least fifteen (15) days, unless the rent is current or you have notified us in writing of your intended absence.

Surrender, abandonment, and judicial eviction end your right of possession for all purposes and gives us the immediate right to: clean up, make repairs in, and relet the apartment; determine any security deposit deductions; and remove property left in the apartment. Surrender, abandonment, and judicial eviction affect your rights to property left in the apartment (paragraph 13), but do not affect our mitigation obligations (paragraph 32).

## Signatures, Originals and Attachments

**43. ORIGINALS AND ATTACHMENTS.** This Lease Contract has been executed in multiple originals, with original signatures—one for you and one or more for us. Our rules and community policies, if any, will be attached to the Lease Contract and given to you at signing. When an Inventory and Condition form is completed, both you and we should retain a copy. The items checked below are attached to this Lease Contract and are binding even if not initialed or signed.

- ☐ Animal Addendum
- ☐ Inventory and Condition Form
- ☒ Mold Addendum
- ☒ Enclosed Garage Addendum
- ☒ Community Policies Addendum
- ☐ Lease Contract Guaranty (_____ guaranties, if more than one)
- ☐ Notice of Intent to Move Out Form
- ☐ Parking Permit or Sticker (quantity: _____)
- ☒ Satellite Dish or Antenna Addendum
- ☒ Asbestos Addendum (if asbestos is present)
- ☐ Lead Hazard Information and Disclosure Addendum (federal)
- ☒ Utility Addendum
- ☐ Remote Control, Card or Code Access Gate Addendum
- ☐ Intrusion Alarm Addendum
- ☒ Other Milestone Addendums
- ☒ Other Bed Bug/Choice of Damages

> **You are legally bound by this document.**
> **Read it carefully before signing.**

Resident or Residents (all sign below)

_____

_____

_____

_____

Owner or Owner's Representative (*signing on behalf of owner*)

_____

Address and phone number of owner's representative for notice purposes

8214 Princeton Square Blvd E

Jacksonville, FL 32256

(904)731-8901

Name and address of locator service (*if applicable*)

_____

_____

Date form is filled out (*same as on top of page 1*)   01/23/2015

SPECIAL PROVISIONS (CONTINUED FROM PAGE 2) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

 **Electronic Signature System**

The following information states that the identified document has been signed electronically by the parties detailed below:

Resident Name: Lacy Peacock
E-mail: Lacaypeacock@hotmail1.com
Date Signed: 1/24/2015 3:04:00 AM (CST)
Date Lead Form Signed*:
Signer Key: 9f61e71107c25333452999ed15b08466
Signer IP Address: 174.224.129.97
Browser Type: Mozilla/5.0 (iPhone; CPU iPhone OS 7_1_2 like Mac OS X) AppleWebKit/537.
51.2 (KHTML, like Gecko) Version/7.0 Mobile/11D257 Safari/9537.53

Resident Name: Jodi Swanson
E-mail: josiswanson@gmail.com
Date Signed: 1/23/2015 4:21:26 PM (CST)
Date Lead Form Signed*:
Signer Key: 38090714eecfae983f1d6d93d7bbb662
Signer IP Address: 108.87.174.10
Browser Type: Mozilla/5.0 (Linux; Android 4.4.4; XT1028 Build/KXB21.14-L1.41)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/40.0.2214.89 Mobile Safari/

Resident Name:
E-mail:
Date Signed:
Date Lead Form Signed*:
Signer Key:
Signer IP Address:
Browser Type:

Resident Name:
E-mail:
Date Signed:
Date Lead Form Signed*:
Signer Key:
Signer IP Address:
Browser Type:

Owner/Owner's Rep: Barbara Prindle
Date Signed: 1/24/2015 11:14:08 AM (CST)

Document ID: 67839096
Lease Contract Dated: 1/23/2015
Total Pages (not including receipt): 21
Forms Included: Apartment Lease Form
Bed Bug Addendum
Mold Information and Prevention Addendum
All-In-One Utility Addendum
Asbestos Addendum
Satellite Dish or Antenna Addendum
Enclosed Garage Addendum
Community Policies, Rules, & Regulations
Community Policies Milestone
Renter's Liability Insurance Addendum
Credit/Debit Card or ACH Payment Program Acknowledgement

* If applicable.

**BENTLEY GREEN APARTMENTS INVESTORS LLC**
C/O MILESTONE MANAGEMENT
5429 LBJ FREEWAY STE 800
DALLAS, TX 75240

**Primary Site Address**
9536 S PRINCETON SQUARE BLVD 100
Jacksonville FL 32256
**Official Record Book/Page**
12373-00491

**Tile #**
7526

**9536 S PRINCETON SQUARE BLVD**

## Property Detail

| | |
|---|---|
| RE # | 152683-0510 |
| Tax District | GS |
| Property Use | 0300 Multi-Family Units 10 or More |
| # of Buildings | 32 |
| Legal Desc. | For full legal description see Land & Legal section below |
| Subdivision | 00000 SECTION LAND |
| Total Area | 1011808 |

The sale of this property may result in higher property taxes. For more information go to Save Our Homes and our Property Tax Estimator . 'In Progress' property values, exemptions and other supporting information on this page are part of the working tax roll and are subject to change. Certified values listed in the Value Summary are those certified in October, but may include any official changes made after certification Learn how the Property Appraiser's Office values property.

## Value Summary

| | 2018 Certified | 2019 In Progress |
|---|---|---|
| Value Method | Income | Income |
| Total Building Value | $0.00 | $0.00 |
| Extra Feature Value | $0.00 | $0.00 |
| Land Value (Market) | $6,155,394.00 | $6,155,394.00 |
| Land Value (Agric.) | $0.00 | $0.00 |
| Just (Market) Value | $21,319,500.00 | $21,377,300.00 |
| Assessed Value | $21,319,500.00 | $21,377,300.00 |
| Cap Diff/Portability Amt | $0.00 / $0.00 | $0.00 / $0.00 |
| Exemptions | $0.00 | See below |
| Taxable Value | $21,319,500.00 | See below |

## Taxable Values and Exemptions – In Progress

If there are no exemptions applicable to a taxing authority, the Taxable Value is the same as the Assessed Value listed above in the Value Summary box.

County/Municipal Taxable Value
No applicable exemptions

SJRWMD/FIND Taxable Value
No applicable exemptions

School Taxable Value
No applicable exemptions

## Sales History

| Book/Page | Sale Date | Sale Price | Deed Instrument Type Code | Qualified/Unqualified | Vacant/Improved |
|---|---|---|---|---|---|
| 12373-00491 | 3/23/2005 | $100.00 | MS - Miscellaneous | Unqualified | Improved |
| 10533-00721 | 6/13/2002 | $100.00 | MS - Miscellaneous | Unqualified | Improved |
| 08281-01547 | 2/8/1996 | $11,300,000.00 | SW - Special Warranty | Unqualified | Improved |
| 08194-00868 | 10/10/1995 | $11,300,000.00 | SW - Special Warranty | Qualified | Improved |
| 07244-01831 | 12/30/1991 | $8,950,000.00 | WD - Warranty Deed | Unqualified | Improved |
| 07122-01604 | 6/7/1991 | $100.00 | QC - Quit Claim | Unqualified | Improved |
| 06305-00312 | 3/23/1987 | $12,750,000.00 | WD - Warranty Deed | Unqualified | Improved |
| 05838-01985 | 7/12/1984 | $1,012,222.00 | SW - Special Warranty | Unqualified | Vacant |
| 05715-00999 | 10/24/1983 | $990,000.00 | SW - Special Warranty | Unqualified | Vacant |

## Extra Features

| LN | Feature Code | Feature Description | Bldg. | Length | Width | Total Units | Value |
|---|---|---|---|---|---|---|---|
| 1 | FWIC1 | Fence Wrought Iron | 30 | 0 | 0 | 195.00 | $2,944.00 |
| 2 | FPPC6 | Fireplace Prefab | 1 | 0 | 0 | 324.00 | $197,627.00 |
| 3 | PVAC1 | Paving Asphalt | 1 | 0 | 0 | 5,850.00 | $4,037.00 |
| 4 | PVCC1 | Paving Concrete | 1 | 0 | 0 | 225,944.00 | $173,977.00 |
| 5 | PLXC5 | Pools Sq Ft | 30 | 0 | 0 | 851.00 | $10,850.00 |
| 6 | CPAC2 | Carport Aluminum | 1 | 0 | 0 | 50,616.00 | $103,763.00 |
| 7 | FCLC1 | Fence Chain Link | 31 | 0 | 0 | 340.00 | $1,015.00 |
| 8 | PLXC5 | Pools Sq Ft | 31 | 0 | 0 | 851.00 | $10,850.00 |
| 9 | FWIC1 | Fence Wrought Iron | 31 | 0 | 0 | 168.00 | $3,064.00 |
| 10 | FCLC1 | Fence Chain Link | 31 | 0 | 0 | 75.00 | $876.00 |
| 11 | LPCC1 | Light Pole Concrt | 1 | 0 | 0 | 7.00 | $1,473.00 |
| 12 | LITC1 | Lighting Fixtures | 1 | 0 | 0 | 12.00 | $2,111.00 |
| 13 | FWDC1 | Fence Wood | 1 | 0 | 0 | 270.00 | $902.00 |
| 14 | FVYC1 | Fence Vinyl | 14 | 0 | 0 | 715.00 | $11,680.00 |

## Land & Legal

**Land**

| LN | Code | Use Description | Zoning | Front | Depth | Category | Land Units | Land Type | Land Value |
|---|---|---|---|---|---|---|---|---|---|

**Legal**

| LN | Legal Description |
|---|---|

**EXHIBIT**

C

exhibitsticker.com

| 1 | 0101 | RES MD 8-19 UNITS PER AC | RMD-D | 0.00 | 0.00 | Common | 23.23 | Acreage | $6,155,394.00 |
|---|---|---|---|---|---|---|---|---|---|

| 1 | 26-3S-27E |
|---|---|
| 2 | PT E1/2 OF NE1/4 RECD O/R 8281-1547 |

## Buildings

### Building 1

Building 1 Site Address
9536 S PRINCETON SQUARE BLVD Unit 100
Jacksonville FL 32256

| Building Type | 0301 - APTS 1-3 STORY |
|---|---|
| Year Built | 1985 |
| Building Value | $413,941.00 |

| Type | Gross Area | Heated Area | Effective Area |
|---|---|---|---|
| Base Area | 2867 | 2867 | 2867 |
| Finished upper story 1 | 2867 | 2867 | 2867 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Base Area | 1461 | 1461 | 1461 |
| Finished upper story 1 | 1461 | 1461 | 1461 |
| Canopy | 205 | 0 | 62 |
| Canopy | 205 | 0 | 62 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Fin Screened Porch | 66 | 0 | 36 |
| Fin Screened Porch | 66 | 0 | 36 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Canopy | 20 | 0 | 6 |
| Canopy | 20 | 0 | 6 |
| Canopy | 20 | 0 | 6 |
| Canopy | 20 | 0 | 6 |
|  | 18 | 0 | 10 |

| Element | Code | Detail |
|---|---|---|
| Exterior Wall | 8 | 8 Horizontal Lap |
| Exterior Wall | 16 | 16 Frame Stucco |
| Roof Struct | 4 | 4 Wood Truss |
| Roofing Cover | 3 | 3 Asph/Comp Shng |
| Interior Wall | 5 | 5 Drywall |
| Int Flooring | 14 | 14 Carpet |
| Int Flooring | 8 | 8 Sheet Vinyl |
| Heating Fuel | 4 | 4 Electric |
| Heating Type | 4 | 4 Forced-Ducted |
| Air Cond | 3 | 3 Central |
| Comm Htg & AC | 1 | 1 Not Zoned |
| Comm Frame | 4 | 4 D-Wood Frame |

| Element | Code | |
|---|---|---|
| Bedrooms | 1.000 | |
| Baths | 1.000 | |
| Stories | 2.000 | |
| Rooms / Units | 12.000 | |
| Avg Story Height | 9.000 | |



| | | | |
|---|---|---|---|
| Finished Storage | | | |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Finished Storage | 18 | 0 | 10 |
| Total | 10154 | 8656 | 9356 |

## 2018 Notice of Proposed Property Taxes Notice (TRIM Notice)

| Taxing District | Assessed Value | Exemptions | Taxable Value | Last Year | Proposed | Rolled-back |
|---|---|---|---|---|---|---|
| Gen Govt Ex B&B | $21,319,500.00 | $0.00 | $21,319,500.00 | $235,874.65 | $243,935.59 | $230,745.21 |
| Public Schools: By State Law | $21,319,500.00 | $0.00 | $21,319,500.00 | $87,682.60 | $86,237.38 | $85,305.72 |
| By Local Board | $21,319,500.00 | $0.00 | $21,319,500.00 | $46,521.24 | $47,926.24 | $45,259.17 |
| FL Inland Navigation Dist. | $21,319,500.00 | $0.00 | $21,319,500.00 | $659.68 | $682.22 | $643.85 |
| Water Mgmt Dist. SJRWMD | $21,319,500.00 | $0.00 | $21,319,500.00 | $5,615.52 | $5,462.06 | $5,462.06 |
| Gen Gov Voted | $21,319,500.00 | $0.00 | $21,319,500.00 | $0.00 | $0.00 | $0.00 |
| School Board Voted | $21,319,500.00 | $0.00 | $21,319,500.00 | $0.00 | $0.00 | $0.00 |
| | | | Totals | $376,353.69 | $384,243.49 | $367,416.01 |

| | Just Value | Assessed Value | Exemptions | Taxable Value |
|---|---|---|---|---|
| Last Year | $20,694,500.00 | $20,614,990.00 | $0.00 | $20,614,990.00 |
| Current Year | $21,319,500.00 | $21,319,500.00 | $0.00 | $21,319,500.00 |

## 2018 TRIM Property Record Card (PRC)

This PRC reflects property details and values at the time of the original mailing of the Notices of Proposed Property Taxes (TRIM Notices) in August.

## Property Record Card (PRC)

The PRC accessed below reflects property details and values at the time of Tax Roll Certification in October of the year listed.

**2018**

| 2017 |
|---|

**2016**

| 2015 |
|---|

**2014**

- To obtain a historic Property Record Card (PRC) from the Property Appraiser's Office, submit your request here:

## More Information

ontact Us | Parcel Tax Record | GIS Map | Map this property on Google Maps | City Fees Record



FLORIDA DEPARTMENT of STATE

DIVISION OF CORPORATIONS

Previous on List . Next on List . Return to List

No Filing History

Fictitious Name Search

Submit

# Fictitious Name Detail

### Fictitious Name

BENTLEY GREEN APARTMENTS

### Filing Information

| | |
|---|---|
| Registration Number | G14000106174 |
| Status | ACTIVE |
| Filed Date | 10/20/2014 |
| Expiration Date | 12/31/2019 |
| Current Owners | 1 |
| County | DUVAL |
| Total Pages | 1 |
| Events Filed | NONE |
| FEI/EIN Number | NONE |

### Mailing Address

8214 PRINCETON SQUARE BLVD.
JACKSONVILLE, FL 32256

### Owner Information

BENTLEY GREEN APARTMENTS INVESTORS, LLC
5429 LBJ FREEWAY, SUITE 800
DALLAS,, TX 75240
FEI/EIN Number ████████
Document Number: M05000001162

### Document Images

10/20/2014 -- Fictitious Name Filing    View image in PDF format

Previous on List . Next on List . Return to List

No Filing History

Fictitious Name Search

Submit

Florida Department of State, Division of Corporations

EXHIBIT

D