IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

LACEY PEACOCK, on behalf of himself
and all others similarly situated,

                    Plaintiffs,

v.

NCC BUSINESS SERVICES, INC., and
BENTLEY GREEN APARTMENTS
INVESTORS LLC,

                    Defendants.
_____/

CASE NO.: 2019-CA-1107
CIVIL DIVISION CV-B

**CLASS REPRESENTATION**
**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, LACEY PEACOCK (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, and sues Defendant, NCC BUSINESS SERVICES, INC. (hereinafter "NCC"), and Defendant, BENTLEY GREEN APARTMENTS INVESTORS LLC (hereinafter "BENTLEY") and in support thereof would allege:

1. This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000.00, exclusive of interest, costs, and attorney's fees.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to Florida Statutes § 559.77(1) and 15 U.S.C. § 1692k(d).

3. Venue is proper because the events and transactions underlying the basis for this action occurred in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person and resident of Duval County, Florida.

5. NCC is a Florida Profit Corporation doing business in Duval County, Florida, and whose principal address is 9428 Baymeadows Road, Suite 200, Jacksonville, FL 32256.

6. NCC may be served through its registered agent REGISTERED AGENT SOLUTIONS, INC., 155 OFFICE PLAZA DR., SUITE A, TALLAHASSEE, FL 32301.

7. BENTLEY is a Delaware Limited Liability Company doing business in Duval County, Florida, and whose principal address is 5429 LBJ Freeway, Suite 800, Dallas, TX 75240.

8. According to the Florida Department of State, Division of Corporations website[1], BENTLEY GREEN APARTMENTS INVESTORS LLC is registered to use the fictitious name "Bentley Green Apartments".

9. BENTLEY may be served through its registered agent C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

## GENERAL ALLEGATIONS

10. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, *et seq.*, (hereinafter the "FCCPA").

11. The alleged debt is $2,444.34 under an Apartment Lease Contract for Apartment 1508, 9536 Princeton Square Blvd. S., Jacksonville, FL 32256, and which was asserted by NCC to be owed to "Bentley Green/Milestone" (hereinafter the "Debt").

---

[1] Florida Department of State, Division of Corporations, http://dos.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G14000106174&rdocnum=G14000106174 (last visited Jan. 22, 2019).

2

Lacey Peacock vs. NCC Business Services, Inc., et al.

12. Under the FCCPA, a "debtor" or "consumer" is defined as "any natural person obligated or *allegedly* obligated to pay any debt." Florida Statutes § 559.55(8) (emphasis added).

13. Under the FDCPA, a "consumer" is defined as "any natural person obligated or *allegedly* obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

14. Plaintiff is a "debtor" or "consumer" as defined in the FCCPA. Florida Statutes § 559.55(8).

15. Plaintiff is a "consumer" as defined in the FDCPA. 15 U.S.C. § 1692a(3).

16. NCC is a "debt collector" as defined in the FCCPA. Florida Statutes § 559.55(7).

17. BENTLEY is a "debt collector" as defined in the FCCPA. Florida Statutes § 559.55(7).

18. NCC is a "debt collector" as defined in the FDCPA. 15 U.S.C. § 1692a(6).

19. The alleged Debt which NCC and BENTLEY have attempted to collect from Plaintiff is a "debt" or "consumer debt" as defined in the FCCPA, and originated in Duval County, Florida. Florida Statutes § 559.55(6).

20. The alleged Debt which NCC and BENTLEY have attempted to collect from Plaintiff is a "debt" or "consumer debt" as defined in the FDCPA, and originated in Duval County, Florida. 15 U.S.C. § 1692a(5).

21. Plaintiff and NCC first discussed the Debt over the telephone on or about December 4, 2018. (hereinafter the "Call 1").

3

Lacey Peacock vs. NCC Business Services, Inc., et al.

22. On December 19, 2018, Plaintiff's attorneys, Justin Seth Drach, P.A., (hereinafter the "Firm") disputed the Debt when they sent a request for verification of the Debt pursuant to the FDCPA to NCC. (Exhibit A).

23. Exhibit A asked NCC to "Please provide to us all correspondence that you have sent our client."

24. On January 2, 2019, NCC sent Exhibit B to the Firm.

25. Exhibit B is the only written communication that NCC has ever sent to Plaintiff or the Firm.

26. According to the Duval County Property Appraiser website[2], 9536 Princeton Square Blvd. S., Jacksonville, FL 32256 is owned by BENTLEY. (Exhibit C).

27. The Fictious Names Act, Florida Statutes § 865.09, *et seq.*, (hereinafter the "FNA") makes it unlawful to conduct business under a fictitious name until the name has been properly registered under Florida's Fictitious Name Act. The purpose of registration is to allow the public to know who is really operating under the fictitious name.

28. BENTLEY is a "business" as defined by Florida Statutes § 865.09(1)(a).

29. Pursuant to the FNA, Florida Statutes § 865.09(9):

(a) If a business fails to comply with this section, neither the business nor the person or persons engaging in the business may maintain any action, suit, or proceeding in any court of this state with respect to or on behalf of such business until this section is complied with. An action, suit, or proceeding may not be maintained in any court of this state by any successor or assignee of such business on any right, claim, or demand arising out of the transaction of business by such business in this state until this section has been complied with.

---

[2] Duval County Property Appraiser, https://paopropertysearch.coj.net/Basic/Detail.aspx?RE=1526830510 (last visited Jan. 22, 2019).

4

(b)   The failure of a business to comply with this section does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state. However, a party aggrieved by a noncomplying business may be awarded reasonable attorney fees and court costs necessitated by the noncomplying business.

30.   By engaging in business under the unregistered fictitious name "Bentley Green", BENTLEY is in violation of the FNA, Florida Statutes § 865.09(3)(a).

31.   As a result of the Defendants' unlawful conduct pertaining to the Debt as described herein, Plaintiff has suffered statutory damages and actual damages, including but not limited to the following: monetary damages, the continued suffering of emotional damages and anxiety due to helplessness, and lost time.

32.   15 U.S.C. § 1692k(a) imposes civil liability on "any debt collector who fails to comply with any provision" of the FDCPA.

33.   BENTLEY is liable for the acts of its agent NCC.

34.   BENTLEY is liable for the acts of its agent Milestone Management, LP.

35.   All conditions precedent to this action have occurred or have been waived.

36.   Plaintiff has retained the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

## CLASS REPRESENTATION ALLEGATIONS

37.   Pursuant to Florida Rule of Civil Procedure 1.220(a), (b) (2) and (b) (3), Plaintiff brings this action on behalf of themselves and all others similarly situated.

38.   The Class(es) are defined as:

**Bentley Green Class (Count VI and VII):** All persons in the State of Florida against whom NCC attempted to collect a debt on behalf of BENTLEY, where a creditor name other than "Bentley Green Apartments

5

Lacey Peacock vs. NCC Business Services, Inc., et al.

Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA was asserted, within the applicable limitations period prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

**FNA Class (Count VI):** All persons in the State of Florida against whom NCC attempted to collect a debt using a creditor name other than that of a legal entity or fictitious name registered pursuant to the FNA, within the applicable limitations period prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

39. The statute of limitations for the FDCPA claims in Count VI is 1 year pursuant to 15 U.S.C. § 1692k(d).

40. The statute of limitations for the FCCPA claims in Count VII is 2 years pursuant to Fla. Stat. § 559.77(4).

41. Plaintiff is unable to state the exact number of class members because that information is solely in the possession of Defendants. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records. Upon information and belief, the putative Classes are made up of hundreds of Florida tenants and consumers. On information and belief, Plaintiff estimates that the classes will consist of hundreds of individuals. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

42. Questions of law and fact common to the Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a) Whether Defendants BENTLEY and NCC violated the FCCPA by attempting to collect debts on behalf of BENTLEY, asserting the identity of the creditor to be other than "Bentley Green Apartments Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA;

6

Lacey Peacock vs. NCC Business Services, Inc., et al.

(b) Whether Defendant NCC violated the FDCPA by attempting to collect debts on behalf of BENTLEY, asserting the identity of the creditor to be other than "Bentley Green Apartments Investors LLC" or the fictitious name of "Bentley Green Apartments" as authorized pursuant to the FNA;

(c) Whether Defendant NCC violated the FCCPA by attempting to collect debts on behalf of creditors, asserting the identity of the creditor to be other than the legal entity name or a fictitious name authorized pursuant to the FNA;

(d) Whether Defendant NCC violated the FDCPA by attempting to collect debts on behalf of creditors, asserting the identity of the creditor to be other than the legal entity name or a fictitious name authorized pursuant to the FNA;

43. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Classes because, upon information and belief, Defendant NCC routinely collects consumer debts on behalf of BENTLEY and other creditors while failing to identify the creditor by using the legal name of the entity or a registered fictious name.

44. Accordingly, the claims of the Plaintiff and of the Classes originate from the same standardized conduct, practice, and procedure, on the part of Defendants.

45. Plaintiff possess the same interests and has suffered the same injuries as each Class member because the use of a creditor name other than the legal entity name or a registered fictitious name results in uniform damages. There are no individual facts which distinguish the Plaintiff from other Class members that were subjected to Defendants' illegal conduct.

7

Lacey Peacock vs. NCC Business Services, Inc., et al.

46. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes because he has no interest antagonistic to the Class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members. There is nothing peculiar about the Plaintiff's situation that would make him inadequate as the class representative.

47. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Classes because Defendants' conduct was perpetrated on all members of the Classes and will be established by common proof. Moreover, Plaintiff has retained counsel competent and experienced in actions brought under consumer protection laws.

48. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each FCCPA and FDCPA violation are capped at $1,000.00 or 1% of the defendants' net worth. It would be difficult, if not impossible, to obtain counsel to represent each Class member on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that using a name other than the creditor's legal name or a registered fictitious name violates the FCCPA and FDCPA. There will be no difficulty in the management of this litigation as a

8

Lacey Peacock vs. NCC Business Services, Inc., et al.

class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

49. For purposes of the claims brought in this action, the applicable standard is the "least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

### COUNT I – VIOLATION OF FCCPA, F.S § 559.72(9)
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

50. The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

51. NCC has violated the FCCPA, Florida Statute § 559.72(9) by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

### COUNT II – VIOLATION OF FDCPA, 15 U.S.C. § 1692e
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

9

Lacey Peacock vs. NCC Business Services, Inc., et al.

52. The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. NCC violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation to collect the Debt, by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

### COUNT III – VIOLATION OF FDCPA, 15 U.S.C. § 1692g(a)
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

54. The FDCPA at 15 U.S.C. § 1692g(a) requires as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10

Lacey Peacock vs. NCC Business Services, Inc., et al.

55. NCC violated the FDCPA by failing to send a communication that complied with 15 U.S.C. § 1692g(a). *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1273 (11th Cir. 2016) ("Only by applying § 1692g to attorney communications can we ensure that consumers receive both legal representation and the full protections intended by Congress.")

56. Exhibit B does not comply with 15 U.S.C. § 1692g(a).

### COUNT IV – VIOLATION OF FDCPA, 15 U.S.C. § 1692e
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

57. The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

58. NCC violated 15 U.S.C. § 1692e by failing to provide meaningful disclosure of the identity of the alleged creditor during Call 1 or when it sent the Firm Exhibit C.

### COUNT V– VIOLATION OF FCCPA, F.S § 559.72(9)
### BENTLEY GREEN APARTMENTS INVESTORS, LLC
### On behalf of Plaintiff

Plaintiff realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

59. The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

11

Lacey Peacock vs. NCC Business Services, Inc., et al.

60.     NCC has violated the FCCPA, Florida Statute § 559.72(9) by claiming in Call 1 and Exhibit C that the Debt had a $2,444.34 balance, an amount in excess of amounts actually owed.

61.     BENTLEY is liable for the acts of its agent NCC.

### COUNT VI – VIOLATION OF FDCPA, 15 U.S.C. § 1692e
### NCC BUSINESS SERVICES, INC.
### On behalf of Plaintiff, Bentley Green Class, and FNA Class

Plaintiff realleges those allegations contained within paragraphs 1-49 above and incorporates them herein by this reference.

62.     The FDCPA at 15 U.S.C. § 1692e makes it illegal for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

63.     NCC violated 15 U.S.C. § 1692e during Call 1 and when it sent the Firm Exhibit C by representing that the creditor is Bentley Green/Milestone when it knows the true identity of BENTLEY.

64.     NCC violated 15 U.S.C. § 1692e by using a creditor name other than that of the legal entity or a registered fictitious name to collect the Debt, the debts of the Bentley Green Class, and the debts of the FNA Class.

### COUNT VII – VIOLATION OF FCCPA, F.S § 559.72(9)
### BENTLEY GREEN APARTMENTS INVESTORS, LLC
### On behalf of Plaintiff and Bentley Green Class

Plaintiff realleges those allegations contained within paragraphs 1-49 above and incorporates them herein by this reference.

65.     The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful to:

12

Lacey Peacock vs. NCC Business Services, Inc., et al.

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

66. BENTLEY violated Fla. Stat. § 559.72(9) by using a false, deceptive, and misleading representations to collect the Debt, to wit, by using the unregistered fictitious name "Bentley Green" during the formation of lease agreements that result in debts, during the collections of the Debt, and during the collection of Bentley Green Class debts.

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

(a) an order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

(b) award Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

(c) award Plaintiff additional statutory damages of $1,000 for violation of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

(d) award Bentley Class and FNA Class members an aggregate award of statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth pursuant to Fla. Stat. § 559.77(2);

(e) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 559.77(2);

(f) award Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(g) award Plaintiff additional statutory damages of $1,000 per FDCPA violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

13

Lacey Peacock vs. NCC Business Services, Inc., et al.

(h)     award FNA Class members the lesser of $500,000 or 1 per centum of the net worth of Defendant NCC pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(i)     award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(j)     prejudgment interest; and

(k)     all other relief which this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 11, 2019.

Respectfully submitted by:

**THOELE|DRACH**

BY: _____
**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justindrach@drachlaw.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amandathoele@drachlaw.com
JUSTIN SETH DRACH, P.A.
2120 Corporate Square Blvd.
Suite 17
Jacksonville, FL 32224
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiff and all others similarly situated*

14

Lacey Peacock vs. NCC Business Services, Inc., et al.